```
IN THE UNITED STATES DISTRICT COURT

      FOR THE DISTRICT OF HAWAII

WILLARD MAX IMAMOTO,          ) CIVIL NO. 11-00781 DAE-KSC
                              )
        Plaintiff,            ) FINDINGS AND
                              ) RECOMMENDATION TO DISMISS
   vs.                        ) FIRST AMENDED COMPLAINT
                              ) AND DENY APPLICATION TO
                              ) PROCEED IN FORMA PAUPERIS
DR. PETER BREGGIN, ET AL.     )
                              )
        Defendants.           )
_____)
```

## FINDINGS AND RECOMMENDATION TO DISMISS
## FIRST AMENDED COMPLAINT AND DENY
## APPLICATION TO PROCEED IN FORMA PAUPERIS

On December 23, 2011, Plaintiff Willard Max Imamoto ("Plaintiff"), proceeding *pro se*, commenced the instant action and filed an Application to Proceed In Forma Pauperis. On December 28, 2011, this Court issued an Order Denying Application to Proceed In Forma Pauperis and Dismissing Complaint with Leave to Amend ("Order"). The Court held that Plaintiff's Complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure ("FRCP") and failed to state a claim upon which relief may be granted. Order at 3. The Court granted Plaintiff leave to file an amended complaint by January 30, 2012, and instructed that any

amended complaint must clearly and plainly state the relief sought, as well as the factual basis demonstrating that Plaintiff is entitled to relief. Id. at 6-7. The Court cautioned that the action would be dismissed if Plaintiff failed to cure the deficiencies identified in the Order. Id. at 8.

On January 11, 2012, Plaintiff filed a First Amended Complaint ("FAC"). On January 20, 2012, Plaintiff filed an Application to Proceed In Forma Pauperis.

DISCUSSION

Plaintiff again requests that the Court permit him to proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc.,

335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation

3

of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Tripati, 821 F.2d at 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

The Court has reviewed Plaintiff's rambling 29 page (excluding Exhibits), 76 paragraph FAC, and concludes that it still fails to comply with FRCP 8 and 10 and it is frivolous. Even construing Plaintiff's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), it is unintelligible, incoherent, and has no arguable substance of law or fact. Although Plaintiff has organized the FAC into paragraphs, each paragraph is not limited to a single set of circumstances. Fed. R. Civ. P. 10(b). Nor has Plaintiff provided a short

plain statement of his claims for relief. See Fed. R. Civ. P. 8(a). A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172, 1172 (9th Cir. 1996). It is difficult, if not impossible, for the Court to identify any cognizable claims, and to the extent the Court is able to extract anything meaningful from the FAC, Plaintiff has not included the factual elements of any viable cause of action. Hearns v. San Bernadino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)) (holding that a complaint may be dismissed for failure to satisfy FRCP 8 when it is "'so verbose, confused and redundant that its true substance, if any, is well disguised'"). For example, Plaintiff's prayer for relief identifies his claim(s) as

5

Copyright infringements and future business endeavors, and Scientific Misconduct of Fabrication that the Publication of Deliberately false or misleading research, and/or the actual making up of research data and the Intent of Publishing them, Falsification through manipulation of research data and processes in order to reflect or prevent a certain result, and Bare Assertions making entirely unsubstantiated claims which are Intentional or Gross Negligence leading to this Fabrication of the Scientific Message or a false credit or emphasis given to a scientist, or distortion of the research process in other ways, and that these References included are to give arguments the Appearance of Widespread Acceptance, but Are Fake, and/or Do Not Support the Argument, and Extension to an unjustified psychiatric commitment in outpatient care as applied to the 1st, 5th, 8th, and 14th Amendment Violations, Civil Rights violation of 42 USC 1983, Sigmata Plus, Equal Protections of the Law, Equal Protection Clause, Due Process, Procedural and Substantive Due Process Claims THAT DENIED ME LEGAL GROUNDS BY THE DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT OF A MERITLESS LEGAL THEORY in the amount of $1,500,000.00 per Defendant, Fraudulent concealment and/or Non Disclosure and Lulling, that amounts to Fraudulent Concealment, Intentional Conscious Callous Deliberate Indifference that's Wanton, Reckless, and Malicious and $2,500,000.00 for Punitive Damages claim per above stated Defendants, and in Product Liability Intentional Use/Misuse, Product Defective Design, and Intentional Failure of Warning, and the legal question of

> Product Liability and the Law of tangible
> personal property that qualifies the Anti
> Psychotic Pharmaceutical Companies for
> Civil Rights and Constitutional
> violations, assault and battery ie.,
> trespass to a person, Off Label Usage, and
> this is of a Federal Question . . . .

FAC at 29-30. As drafted, the FAC simply fails to state a plausible claim upon which relief can be granted and it lacks an arguable basis in law or fact. The FAC should therefore be dismissed pursuant to 28 U.S.C. § 1915. See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327) (stating that the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). Insofar as the Court is recommending dismissal the FAC, Plaintiff's IFP Application is denied.

The Court further recommends that Plaintiff not be given leave to amend the FAC. While the Court acknowledges the principle that *pro se* litigants should

be given an opportunity to amend their complaint, the Court finds that the FAC could not possibly be cured by the allegation of other facts. Lopez, 203 F.3d at 1130.; see also Tripati, 821 F.2d at 1370. The Court specifically directed that Plaintiff comply with FRCP 8 and 10, and gave him an opportunity to cure the defects in his original complaint, but he failed to do so. The Court warned Plaintiff that this action would be dismissed if he failed to cure the deficiencies identified in the Order. For these reasons, the Court believes that the FAC's many defects could not and would not be cured by amendment. Given Plaintiff's failure to comply with the Order and his repeated filing of frivolous actions in federal court, the Court finds that permitting leave to amend would be futile. See, e.g., Imamoto v. Kahi Mohala Hosp., Civ. No. 09-00440 DAE-KSC, Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees and Dismissing Action With Prejudice, Doc. No. 4 (D. Haw. Oct. 19, 2009) (dismissing action with prejudice on the basis that any amendment would be futile); Imamoto v. Helping

Hands of Hawaii, et al., Civ. No. 11-00551 ACK-RLP, Order Adopting Magistrate Judge's Findings and Recommendation that (1) Plaintiff's Second Application to Proceed Without Prepayment of Fees be Denied and (2) the Action be Dismissed With Prejudice, Doc. No. 14 (D. Haw. Nov. 30, 2011) (finding that amendment would be futile and dismissing amended complaint with prejudice because Plaintiff failed to correct deficiencies after being given an opportunity to do so).

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the FAC be DISMISSED WITH PREJUDICE and that Plaintiff's IFP Application be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, January 23, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 11-00781 KSC; IMAMOTO V. DR. PETER BREGGIN, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS