IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WILLARD MAX IMAMOTO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DR. PETER BREGGIN, ET AL, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 11-00781 DAE-KSC |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT AND
DENY APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After considering the objection and reviewing the record, the Court adopts the Magistrate Judge's Findings and Recommendation. (Doc. # 10.)

On December 23, 2011, Plaintiff Willard Max Imamoto ("Plaintiff"), proceeding pro se, filed a Complaint in this Court against more than a dozen defendants (Doc. # 1) and filed an Application to Proceed In Forma Pauperis. (Doc. # 4.) On December 28, 2011, Magistrate Judge Kevin S.C. Chang issued an Order Denying Application to Proceed In Forma Pauperis and Dismissing Complaint with Leave to Amend. (Doc. # 6.) Magistrate Judge Chang held that

Plaintiff's Complaint failed to comply with Federal Rules of Civil Procedure ("FRCP") 8 and 10 and failed to state a claim upon which relief may be granted. (Doc. # 6.) Specifically, Magistrate Judge Chang found that the 51-page, 131-paragraph complaint was "rambling" and "unintelligible," and that it "utterly fail[ed] to provide a short plain statement of his claims for relief." (Id. at 3–4.) The Order also noted that it appeared Plaintiff initiated the action in part to challenge a previous dismissal of one of his actions filed in this court and that the dismissal was on appeal. (Id. at 5–6.) The Order stated that Plaintiff should not initiate additional lawsuits to challenge the disposition of his previously filed actions. (Id. at 6.)

Magistrate Judge Chang granted Plaintiff leave to amend and advised Plaintiff that any amended complaint must clearly and plainly state the relief sought and the factual basis demonstrating that Plaintiff is entitled to relief. (Id. at 6–7.) Magistrate Judge Chang also cautioned Plaintiff that failure to amend the complaint and cure the pleading deficiencies would result in a dismissal of the action. (Id. at 8.)

On January 11, 2012, Plaintiff filed a First Amended Complaint ("FAC"). ("FAC," Doc. # 8.) On January 20, 2012, Plaintiff filed a second Application to Proceed In Forma Pauperis. (Doc. # 9.)

2

On January 24, 2012, Magistrate Judge Chang issued Findings and Recommendation ("F&R") to dismiss Plaintiff's FAC with prejudice and deny the application to proceed in forma pauperis. ("F&R," Doc. # 10.) Magistrate Judge Chang concluded that the FAC still failed to comply with Rules 8 and 10 and was frivolous. Magistrate Judge Chang found that: "Even construing Plaintiff's Complaint liberally . . . it is unintelligible, incoherent, and has no arguable substance of law or fact. Although Plaintiff has organized the FAC into paragraphs, each paragraph is not limited to a single set of circumstances. Nor has Plaintiff provided a short plain statement of his claims for relief. . . . It is difficult, if not impossible, for the Court to identify any cognizable claims, and to the extent the Court is able to extract anything meaningful from the FAC, Plaintiff has not included the factual elements of any viable cause of action." (Id. at 4–5 (internal citations omitted).) Magistrate Judge Chang recognized the principle that pro se litigants should be given an opportunity to amend their complaint, but found that because Plaintiff failed to correct the deficiencies in his original complaint, such defects could not and would not be cured by amendment. (Id. at 7–8.) Magistrate Judge Chang also noted Plaintiff's "repeated filing of frivolous actions in federal court" and determined that permitting leave to amend would be futile. (Id. at 8.)

On February 1, 2012, Plaintiff filed an "Objection of Dismissal of First Amended Complaint and Denial of Application to Proceed In Forma Pauperis and Plaintiffs [sic] Request For Leave To Appeal Final Judgment." (Doc. # 11.)

STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); Local Rule 74.2.

## DISCUSSION

As a preliminary matter, Plaintiff does not make clear arguments in his Objection, which appears to restate at least some of his assertions in his FAC. After reviewing the record, including the FAC and Plaintiff's Objection, the Court agrees with Magistrate Judge Chang's F&R.

The FAC fails to state a claim, fails to comply with Rule 8, and appears to be frivolous and without merit. Although shorter than the original Complaint, Plaintiff's 30-page FAC—to which he attached two exhibits totaling 76 pages—remains incoherent, verbose, and disorganized. The FAC is still comprised of rambling allegations that has no arguable substance of law or fact. It is difficult, if not impossible, to discern any cognizable claims, and any mention of possible causes of action lack coherent factual allegations or elements of a claim. For example, the first numbered paragraph of the FAC states:

> "ACTIONS" in Plaintiff's Exhibit A Presented in this Civil Suit that is Supported in Plaintiff's DECLARATION and the Admissibility of That Evidence through FEDERAL RULES OF EVIDENCE gives rise to my Claims for Relief in the Form of Scientific Misconduct of Fabrication that the Publication of Deliberately false or misleading research, and/or the actual making up of research data and the Intent of Publishing them sometimes known as "drylabbing", and Falsification through manipulation of research data and processes in order to reflect or prevent a certain result . . . .

(FAC ¶ 1.) Plaintiff's exhibits and his declaration fail to illuminate to the Court any cognizable legal claim. Further, Plaintiff's prayer for relief in the FAC, which is virtually identical to that in his original Complaint, is a verbose, run-on paragraph that lists a host of claims, including:

> Copyright infringements and future business endeavors, and Scientific Misconduct of Fabrication that the Publication of Deliberately false or misleading research, and/or the actual making up of research data and the Intent of Publishing them, Falsification through manipulation of research data and processes in order to reflect or prevent a certain result, and Bare Assertions making entirely unsubstantiated claims which are Intentional or Gross Negligence leading to this Fabrication of the Scientific Message or a false credit or emphasis given to a scientist, or distortion of the research process in other ways, and that these References included are to give arguments the Appearance of Widespread Acceptance, but Are Fake, and/or Do Not Support the Argument, and Extention [sic] to an unjustified psychiatric commitment in outpatient care as applied to the 1st, 5th, 8th, and 14th Amendment Violations, Civil Rights Violation of 42 USC 1983, Stigmata Plus, Equal Protections of the Law, Equal Protection Clause, Due Process, Procedural and Substantive Due Process Claims THAT DENIED ME LEGAL GROUNDS BY THE DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT OF A MERITLESS LEGAL THEORY in the amount of $1,500,000.00 per Defendant . . . .

(FAC at 29–30.)

Magistrate Judge Chang's December 28, 2011 Order dismissing Plaintiff's original Complaint informed Plaintiff that the complaint failed to comply with Rules 8 and 10 and failed to state a claim upon which relief may be granted. The Order instructed: "[A] complaint must contain sufficient factual

6

matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Doc. # 6, at 4 (internal quotations and citations omitted).) The Order spelled out the requirements of Rule 10(b) and explained that a complaint containing factual elements scattered throughout the complaint and not organized into a "short and plain statement of the claim" would not suffice. (Id. at 5.) The Order also advised Plaintiff that "[a]ny amended complaint must clearly and plainly state the relief sought and the factual basis demonstrating that Plaintiff is entitled to relief." (Id. at 6–7.) Finally, Magistrate Judge Chang cautioned Plaintiff that failure to cure the identified deficiencies would result in the dismissal of the action. (Id. at 8.)

Plaintiff has been instructed on the Complaint's deficiencies and failed to correct them despite an express warning that such failure would result in a dismissal of the action. Moreover, the Court observes that Plaintiff has previously filed frivolous actions in federal court, which have been dismissed. See, e.g., Imamoto v. Kahi Mohala Hosp., Civ. No. 09-00440 DAE-KSC, Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees and Dismissing Action With Prejudice, Doc. No. 4 (D. Haw. Oct. 19, 2009) (dismissing action with

prejudice on the basis that any amendment would be futile and noting that Plaintiff's "action appears to be both frivolous and without merit" and similar to Plaintiff's "prior meritless claims"); Imamoto v. Helping Hands of Hawaii, Civ. No. 11-00551 ACK-RLP, 2011 WL 6012087 (D. Haw. Nov. 30, 2011) (finding that amendment would be futile and dismissing amended complaint with prejudice because Plaintiff failed to correct the original complaint's deficiencies after being given an opportunity to do so).

        The Court therefore finds that further amendment is futile and agrees with the F&R that dismissal of Plaintiff's FAC should be dismissed with prejudice. See McHenry v. Renne, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); Neal v. Ekstrom, 55 Fed. App'x 865, 865 (9th Cir. 2003) ( "[Plaintiff] failed to provide a short, clear, and concise statement of his claims, even after instructions from the district court. Accordingly, the district court did not abuse its discretion by dismissing [Plaintiff's] amended complaint with prejudice."). See also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058–59 (9th Cir. 2011) ("Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" (citations omitted)).

Accordingly, for the foregoing reasons, the Court adopts in full as the opinion of this Court the Findings and Recommendation to Dismiss First Amended Complaint and Deny Application to Proceed In Forma Pauperis. (Doc. # 10.)

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, February 23, 2012.



_____
David Alan Ezra
United States District Judge

Imamoto v. Breggin, et al., Cv. No. 11-00781 DAE-KSC; ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS